Dear Mr. Cassidy:
We are in receipt of your request for an Attorney General's opinion regarding the qualifications of the Mayor-elect of Elton, Louisiana.
Your request for an opinion states that you received a complaint alleging that the Mayor-elect, Mr. Roger "Tony" Laughlin, neither resides within the city limits of the jurisdiction in which he was elected, nor lives within the parish of Jefferson Davis. Under R.S. 18:671 et seq., the proper official is required to investigate a written complaint that an officeholder no longer meets the residence or domicile requirements of his office. Since you discussed this matter with the Mayor-elect prior to the election, you have recused your office from this matter and seek a determination from the Attorney General as to whether Mr. Laughlin meets the residence or domicile requirements of the office of Mayor, Town of Elton, Louisiana.
A vacancy is created in an elective office "[w]hen the person elected to or holding the office no longer meets the residence or domicile requirements of that office . . .". R.S. 18:581(1). The Town of Elton is governed by the provisions of the Lawrason Act, R.S. 33:321 et seq. The qualifications of mayor are as follows:
 The mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediately preceding year in the municipality. (Emphasis added). R.S. 33:384
R.S. 18:101 provides for the registration to vote, which qualifications include citizenship of Louisiana (not disfranchised), 18 years of age, and actual bonafide residency of this state, and the parish, municipality, if any, and precinct in which the person offers to register as a voter.
The Investigations Division of the Attorney General's office conducted a thorough investigation of this matter. The report finds that Mr. Laughlin changed his domicile to 1606 Fletcher Street, Elton, Louisiana, which is in Jefferson Davis Parish on July 16, 1997. Mr. Laughlin changed his homestead exemption from Allen Parish (where he has a residence at 4643 Powell Road) to Jefferson Davis Parish and is current on all property taxes owed on other properties. Mr. Laughlin is registered to vote at the 1606 Fletcher Street address, and his driver's license is issued at this address.
Since R.S. 33:384 requires the mayor to "[b]e and elector of the municipality . . .", and our investigation concludes that Mr. Laughlin is in fact an elector of the municipality, it is our opinion that there is no basis in law or in fact upon which a suit could be instituted to obtain a judgment declaring the office of Mayor, Town of Elton, vacant. Nor do the Board of Aldermen have any grounds to declare a vacancy in the office of mayor under the provisions of the Election Code and Williamson v.Village of Baskin, 339 So.2d 474. See also, Attorney General Opinions 77-932, 79-1343, and 92-262. (Copies enclosed herein).
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________________ ANGIE ROGERS LaPLACE
Assistant Attorney General
RPI/ARL:cwr
Enclosures
cc: Mr. Roger "Tony" Laughlin Nelson Robles
DATE RECEIVED: FEBRUARY 10, 1999
DATE RELEASED:
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL
 State of Louisiana Department of Justice
WILLIAM J. GUSTE, JR. Baton Rouge ATTORNEY GENERAL 70804
 November 26, 1979 OPINION NUMBER 79-1343 77 — OFFICERS-LOCAL MUNICIPAL R.S. 33:384
Honorable Nick Erdey When a mayor moves outside the Mayor, Town of Livingston corporate limits of the the town Post Office Box 426 he represents, a vacancy is not Livingston, Louisiana 70754 automatically created. However, such a move does give grounds for the Board of Alderman to declare a vacancy to fill vacancy according to law.